UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUAN RAMIREZ,

    Plaintiff,

v.                                                                                                                         Civ. No. 24-251 KG/GJF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER[1]

This matter comes before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate and Stay. ECF 19. The Motion is fully briefed. *See* ECFs 21 (response), 27 (reply). Having considered the briefing and governing law, the Court denies the Motion.[2]

## BACKGROUND

This action arises from a motor vehicle accident. ECF 1-1. At all relevant times, State Farm provided underinsured motorist coverage ("UIM") to Ramirez. ECF 1-1 ¶ 5, 6. On the afternoon of July 14, 2023, Ramirez was stopped at a red light on Lohman Avenue in Las Cruces, New Mexico. ECF 19 at 1–2. Another vehicle stopped behind him. A third vehicle, driven by Kaitlin Martinez, was next in line. *Id.* As the light turned to green, Martinez rear-ended the second vehicle,

---

[1] Because the Motion also requested bifurcation of trial proceedings and not just discovery, the Court consulted with the presiding judge in formulating this Memorandum Opinion and Order.

[2] The parties filed procedural motions related to State Farm's Motion to Bifurcate and Stay. State Farm filed an opposed Motion for Extension of Time [ECF 26], and Ramirez filed an opposed Motion to Strike Defendant's Unauthorized Reply [ECF 30]. The issues raised in the procedural motions did not materially affect the Court's bifurcation analysis. Nonetheless, in its discretion, the Court will GRANT State Farm's Motion for Extension of Time and DENY Plaintiff's Motion to Strike.

which struck Ramirez's car before Ramirez could proceed through the intersection. *Id.* Police determined that Martinez was entirely at fault for the accident. ECF 1-1 at 30.

Ramirez sought treatment for spinal injuries following the collision. ECF 1-1 ¶¶ 25–29. Ramirez claims that he requires a $347,593.00 surgery. *Id.* ¶ 32. Martinez held a $50,000 liability insurance policy with Safeco, which Safeco tendered in full to Ramirez. EFC 19 at 2. State Farm claims that $50,000 adequately compensated Ramirez. ECF 1-1 at 34.

In Count I of his Complaint, Ramirez seeks a declaratory judgment regarding the damages that he can recover under relevant insurance policies. ECF 1-1 ¶¶ 38–47. Count II alleges that State Farm breached its contract by failing to pay Ramirez the full extent of his $100,000 UIM coverage policy. ECF 1-1 ¶¶ 48–51. Count III contends that State Farm breached its common law duty of good faith by, *inter alia*, failing to properly investigate and process Ramirez's UIM claim. ECF 1-1 ¶¶ 52–60. Count IV asserts that State Farm violated the New Mexico Unfair Insurance Practices Act by failing to investigate and process Ramirez's claim in good faith. ECF 1-1 ¶¶ 61–70.

State Farm waited until three weeks *after* the Court conducted its initial scheduling conference and issued its pretrial scheduling order before filing the instant motion.[3] State Farm moves to bifurcate the case for discovery and trial, requesting that the Court resolve the contractual UIM claim in Count II before trying the extra-contractual bad faith claims in Counts III and IV. ECF 19.

## LEGAL STANDARD FOR MOTIONS TO BIFURCATE AND STAY

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." A trial court has broad discretion

---

[3] To be sure, State Farm flagged the issue in the Joint Status Report [ECF 8 at 8] and indicated its future intent to seek bifurcation. As the Court suggested at the scheduling conference, that sequencing is counterproductive. *See* ECF 14. As this case proves, it is far better to wrestle with bifurcation of discovery issues *before* the Court issues the pretrial scheduling order, not after.

in determining whether to bifurcate a trial or discovery under Rule 42(b). *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico*, 2007 WL 5231690, at *2 (D.N.M.) (citing *Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004)). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* at 964. Moreover, bifurcation should not be ordered routinely unless it is clearly necessary. *See Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010).

The district court also has broad discretion in managing its docket, including the entry of an order staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The district court can stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

State Farm argues that bifurcation for discovery and trial is proper for two reasons. First, it contends that bifurcation will conserve the resources of the Court and the parties because resolution of the UIM claim may obviate the bad faith claims. Second, State Farm asserts that bifurcation will prevent prejudice to State Farm because asking a jury to simultaneously consider factual issues underlying both the contractual and extra-contractual claims will result in confusion.

## DISCUSSION

This Court denies State Farm's Motion to Bifurcate and Stay for two reasons. First, resolution of Ramirez's UIM claim will not necessarily dispose of Ramirez's bad faith claims. Second, proceeding through discovery and trial on all claims together will not unfairly prejudice State Farm.

### I.    BIFURCATION IS UNNECESSARY BECAUSE RAMIREZ'S UIM CLAIM WILL NOT DISPOSE OF HIS BAD FAITH CLAIMS.

State Farm alleges that bifurcation is proper because Ramirez must succeed on his UIM claim as a condition precedent to bringing bad faith claims. ECF 19 at 4. But here, the resolution of Ramirez's UIM claim will not dispose of his bad faith claims for two reasons. First, State Farm does not dispute liability for the underlying accident. Second, Ramirez alleges bad faith acts independent of breach of contract.

#### A.  State Farm does not dispute liability for the underlying accident.

Bifurcation may be proper when the resolution of a UIM claim will dispose of a bad faith claim by rendering it moot. *See Mandeville*, 109 Fed. Appx. at 194; *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1285 (D.N.M. 2016). Ordinarily, however, resolution of a UIM claim can only dispose of a bad faith claim when the parties dispute liability for the underlying accident. *See Driscoll v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-759 LF/JHR, 2023 WL 3983871, at *3–4 (D.N.M. June 13, 2023) (citing *Prescott v. Bristol W. Ins. Co.*, 18-cv-756 KBM/JHR, 2019 WL 95929, at *2 (D.N.M. Jan. 3, 2019) (collecting cases)); *Willis v. Gov't Emps. Ins. Co.¸* 13-cv-280 KG/KK, 2015 WL 11181339, at *2 (D.N.M. June 17, 2015). *See generally Giertz v. State Farm Mut. Auto. Ins. Co.*, No. 22-1114, 2023 WL 3728197, at *3 (10th Cir. May 26, 2023). When an insurance company does not dispute liability – but only disputes the value of plaintiff's damages

4

– courts deny motions to bifurcate. *See Driscoll*, 2023 WL 3983871, at *3–4; *Willis*, 2015 WL 11181339, at *2.

For example, in *Willis*, the plaintiffs alleged that their insurer, GEICO, breached the insurance contract by undervaluing the damages that the plaintiffs sought pursuant to their UIM coverage. *See id.* GEICO alleged only "an honest dispute" over the value of Plaintiffs' damages *See id.* (internal quotations omitted). Judge Gonzales (who also presides in the present case) concluded that GEICO raised "no issue regarding the underlying liability of the underinsured motorist and [plaintiffs'] right to a UIM claim. Rather, the contract claims arise solely from the allegation that GEICO undervalued Plaintiff's damages." *Id.* Accordingly, Judge Gonzales denied GEICO's Motion to Bifurcate and Stay. *See id.* at *5.

Similarly, in *Driscoll*, State Farm sought bifurcation of UIM and bad faith claims. *Driscoll*, 2023 WL 3983871 at *2. State Farm argued that the UIM claims could dispose of the bad faith claims, but State Farm only disputed the value of plaintiff's damages. *Id.* Judge Fashing denied State Farm's motion for bifurcation because State Farm contested the value of plaintiff's UIM claim without contesting plaintiff's liability. *Id.* at *4. Judge Fashing reasoned that State Farm needed to argue or present evidence that plaintiff was at fault for the underlying accident to bifurcate the claims. *See id.* State Farm did not allege that plaintiff was liable for the accident, and the only dispute was over the value of the plaintiff's damages; therefore, Judge Fashing denied State Farm's Motion to Bifurcate and Stay. *See id.* at *6.

State Farm cites *Aragon* in support of bifurcation. *Aragon*, 185 F. Supp. 3d at 1285. There, the insurance company disputed liability because Aragon had not established that she was legally entitled to recover UIM benefits. *See id.* at 1286. Judge Lynch bifurcated the UIM claims from the bad faith claims, in part because plaintiff's failure to establish liability under the UIM policy would

dispose of her bad faith claims. *See id.*; *Buccheri v. GEICO Ins. Co.*, 17-cv-490, 2017 WL 3575486, at *3 (D.N.M. Aug. 17, 2017) (reasoning that *Aragon* "stand[s] for the narrow proposition that to recover on a bad faith failure to pay claim, plaintiffs must first prove that they are legally entitled to recover damages.") (internal quotations omitted).

Here, bifurcation is unnecessary because, like the insurance companies in *Willis* and *Driscoll*, State Farm only disputes the value of Ramirez's damages, not whether Ramirez bears liability for the underlying accident. *See Willis¸* 2015 WL 11181339, at *2; *Driscoll*, 2023 WL 3983871 at *2. In its Motion, State Farm stated that "this matter is a dispute over the value of damages arising from a minor rear-end collision." ECF 19 at 1. In his response, Ramirez noted that State Farm's Motion failed to dispute liability, [ECF 21 at 2], a point that State Farm did not address in its reply, [ECF 27]. Instead, State Farm conceded that liability is not at issue by characterizing Ramirez's UIM claim as a "UIM value dispute[.]" *Id.* at 2. Ramirez's UIM claim solely concerns the value of his damages; therefore, resolution of Ramirez's UIM claim does not resolve his bad faith claim. Further, Ramirez alleges that State Farm breached the insurance policy by undervaluing the damages that he is legally entitled to under the UIM policy. *See* ECF 1-1 ¶ 50; ECF 21 at 2. Ramirez does not allege that State Farm violated its insurance contract by improperly assigning liability. Accordingly, bifurcation is unnecessary. *Willis¸* 2015 WL 11181339, at *2. *Driscoll*, 2023 WL 3983871 at *2.

Unlike the plaintiff in *Aragon*, Ramirez has proved that he is legally entitled to recover damages. *See id.* The insurer for the at-fault driver tendered policy limits of $50,000 to Ramirez, to which State Farm consented. ECF 1-1 at 25. Ramirez and State Farm disagree solely over whether the $50,000 adequately compensated Martinez for his injuries. *See* ECF 19 at 1. Because both sides agree that Ramirez is legally entitled to recover damages, *Aragon* does not apply.

6

In light of Ramirez's allegations and State Farm's election not to dispute liability, the Court concludes that no issue exists regarding the underlying liability for the accident, and the parties only dispute the value of Ramirez's damages. Thus, resolution of Ramirez's UIM claim cannot dispose of his bad faith claims. Accordingly, bifurcation is unnecessary.

### B. Ramirez alleges alternative grounds, other than breach of contract, for his bad faith claims.

Insurance providers owe a duty to act in food faith towards their insureds. *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-006, ¶ 35, 127 N.M. 1, 14, 976 P.2d 1, 14; *Belanger v. Allstate Fire & Cas. Ins. Co.*, 588 F. Supp. 3d 1249, 1265–66 (D.N.M. 2022). An insurer can act in bad faith "for reasons other than its refusal to pay a claim in full." *Willis*, 2015 WL 11181339, at *3 (quoting *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, ¶ 7, 131 N.M. 630, 633, 41 P.3d 356, 359) (internal quotations omitted). Other examples of insurance bad faith include failing to promptly investigate a claim, engaging in unreasonable delay, refusing to settle, or placing its own interests over those of the insured. *See* N.M. Stat. Ann. § 59A-16-20 (West 1997); *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 22, 135 N.M. 106, 114, 85 P.3d 230, 238; *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1219 (D.N.M. 2016); *Driscoll*, 2023 WL 3983871 at *5 (reasoning that bifurcation is improper when bad faith claims are "distinct and independent from" UIM claims); *Willis*, 2015 WL 11181339, at *3.

Here, State Farm owes Ramirez a duty of good faith because State Farm contracted to provide automobile insurance to Ramirez. ECF 1-1 at ¶ 2; ECF 6 at ¶ 2. Ramirez alleges that State Farm breached its duty of good faith for several reasons, including for reasons other than refusal to pay his UIM claim in full. ECF 1-1 at ¶ 56. Ramirez alleges that State Farm breached its duty of good faith, *inter alia*, by (1) failing "to effectuate a prompt, fair, and equitable settlement of the claims"; (2) "[f]ailing to promptly provide Plaintiff a reasonable explanation" for refusing to settle;

(3) "[f]ailing to properly investigate;" and (4) "[p]lacing its interest over its insured's interest by offering an amount substantially less than the amount ultimately recovered." *Id.* All four allegations represent bad faith theories separate from State Farm's alleged refusal to pay Ramirez's claim in full. Because resolution of Ramirez's UIM claim cannot dispose of all of his bad faith claims, bifurcation would be unnecessary.

## II. BIFURCATION IS NOT NECESSARY TO PREVENT CONFUSION AND UNFAIR PREJUDICE.

State Farm also argues that bifurcation is proper because jurors will suffer confusion when simultaneously considering separate factual issues underlying Ramirez's UIM and bad faith claims. ECF 19 at 4–5. The Court disagrees, concluding that bifurcation is not necessary to prevent confusion and unfair prejudice.

Courts have considerable discretion in deciding whether to bifurcate claims. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993). Courts can bifurcate claims to avoid juror prejudice and confusion. *See* Fed. R. Civ. P. 42(b); *Easton*, 776 F.2d at 1447. Bifurcation in insurance disputes is ordinarily denied when evidence on UIM and bad faith claims is "inextricably linked." *See Driscoll*, 2023 WL 3983871, at *5 (citing *Buccheri*, 2017 WL 3575486, at *4). Additionally, a court can prevent juror prejudice in insurance disputes with UIM and bad faith claims through clear jury instructions. *See Willis*, 2015 WL 11181339, at *4.

In *Driscoll*, Judge Fashing reasoned that the evidence underlying plaintiff's UIM and bad faith claims was inextricably linked because both claims required consideration of the same contract terms and witness testimony. *See Driscoll*, 2023 WL 3983871, at *5. Judge Fashing further reasoned that bifurcating the claims for discovery and trial would waste judicial resources by requiring duplication of effort. *See id.* Accordingly, Judge Fashing denied State Farm's Motion to Bifurcate and Stay. *See id.*

Courts can prevent juror prejudice and confusion by issuing clear jury instructions when trying UIM and bad faith claims together. *See Willis*, 2015 WL 11181339, at *4. In *Willis*, Judge Gonzales reasoned that a jury does not suffer prejudice or confusion by hearing evidence on both UIM and bad faith claims because the court's instructions, including limiting instructions, and capable arguments from counsel will allow the jury to understand the different issues. *See id.* Judge Gonzales further reasoned that trials involving both UIM and bad faith claims do not confuse jurors because courts routinely ask jurors to comprehend more complex issues. *See id.* Accordingly, Judge Gonzales denied GEICO's Motion to Bifurcate and Stay. *See id.*

Here, bifurcation is unnecessary because the evidence underlying Ramirez's UIM and bad faith claims is inextricably linked. *See Driscoll*, 2023 WL 3983871, at *5. The evidence of the contract's terms and the alleged breach will relate closely to the evidence offered to prove the bad faith claims. *See* ECF 1-1 ¶¶ 48–51, 56(b), 56(c), 64(b). Additionally, many of the same witnesses will likely testify to Ramirez's UIM and bad faith claims, including Ramirez, State Farm employees, and medical experts. Under the factual and procedural posture of this particular case, bifurcation would waste judicial resources by requiring the parties to present, and two juries to consider, duplicative evidence.

With input from counsel, the Court will provide preliminary, limiting, and final instructions to the jury that will minimize any potential of confusion or unfair prejudice. Coupled with capable arguments by counsel, these instructions will reasonably ensure that the jury is properly educated on the issues it must decide, rather than confused.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that State Farm's Motion to Bifurcate and Stay [ECF 19] is **DENIED.**

**IT IS FURTHER ORDERED** that State Farm's Motion for Extension of Time [ECF 26] is **GRANTED** and Ramirez's Motion to Strike Defendant's Unauthorized Reply [ECF 30] is **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE